UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRETT HOBSON, | ) |
|               Plaintiff, | ) ) ) |
|               v. | )    No. 1:21-cv-00337-JPH-MPB |
| E. KNONKLE, et al. | ) ) ) |
|               Defendants. | ) |

**ORDER SCREENING COMPLAINT AND DIRECTING SERVICE OF PROCESS**

Plaintiff, Brett Hobson, an inmate at Westville Correctional Facility, brings this 42 U.S.C. § 1983 action alleging that the defendants' actions caused him to contract the COVID-19 virus and experience severe symptoms. Because Mr. Hobson is a "prisoner," the Court must screen his complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

### I. Screening Standard

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. Allegations and Discussion

Mr. Hobson's complaint names two defendants: (1) Officer E. Knonkle; and (2) Sergeant J. Matlock. He seeks monetary damages.

Mr. Hobson's allegations against Ofc. Knonkle and Sgt. Matlock may be summarized as follows. In November 2020, Mr. Hobson contracted the COVID-19 virus. Mr. Hobson alleges that "by taking [his] mask," Ofc. Knonkle and Sgt. Matlock "failed to protect" him from contracting the virus. He further alleges that as a result of the defendants' actions, he experienced severe symptoms of COVID-19 for two months, including headaches, vomiting, flu-like symptoms, loss of taste and smell, chills, dizziness, lightheadedness, and nose bleeds.

## III. Discussion of Claims

The action **shall proceed** with an Eighth Amendment claim against Ofc. Knonkle and Sgt. Matlock based on allegations that the conditions of Mr. Hobson's incarceration, specifically the taking of his face mask, reflect deliberate indifference to a serious threat to his health and safety. The Eighth Amendment claim shall be for damages and injunctive relief and proceed against the defendants in their individual capacities. Any other claims are **dismissed**.

## IV. Issuance of Process

The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of the complaint (dkt. [1]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The claims discussed in Part III are the only claims the Court identified in the complaint. If Mr. Hobson believes he asserted additional claims not discussed by the Court, he shall have **through June 7, 2021** to notify the Court.

**SO ORDERED.**

Date: 5/12/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRETT HOBSON
935709
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic Service to IDOC Employees:

    Officer E. Knonkle – Westville Correctional Facility
    Sergeant J. Matlock – Westville Correctional Facility